HPS-2                                                                               NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4525
_____

IN RE: JOHNNY LOPEZ,
                                              Petitioner
_____

On Petition for a Writ of Mandamus from the
United States District Court for the
District of Delaware
(Related to D. Del. Civ. No. 05-cv-00019)
_____

Submitted Under Rule 21, Fed. R. App. P.
November 4, 2005

Before: CHIEF JUDGE SCIRICA, WEIS AND GARTH, CIRCUIT JUDGES

Filed : December 7, 2005

_____

OPINION
_____

PER CURIAM.

      Johnny Lopez has filed a mandamus petition pursuant to 28 U.S.C. § 1651, seeking to compel the United States District Court for the District of Delaware to sign all orders it issues and to order the respondents in the underlying habeas corpus proceeding to sign all motions and pleadings submitted to the court. We will deny the petition.

1

It appears that counsel for the habeas respondents filed a motion on April 14, 2005, seeking an extension of time in which to file an answer to Lopez's habeas corpus petition using CM/ECF. The CM/ECF system is a relatively new case management system implemented in the Federal Judiciary which allows courts to accept filings and provide access to filed documents over the Internet. As set forth in the District Court's Standing Order of February 8, 2005, "CM/ECF permits electronic filing, signing, and verification of pleadings and other papers with the Clerk of Court through the Court's public web site ... and authorizes the Clerk of Court to serve notice of orders and judgments electronically." Congress recognized the validity of electronic signatures with the passage of the Electronic Signatures Act in 2000, and electronic filing in the District Court for the District of Delaware went into effect on March 1, 2005. The District Court thus accepted the motion for docketing, and granted the habeas respondents' request. Lopez was notified of the extension by an unsigned service copy of the District Court's order. Claiming an entitlement to a hand-written signature on every motion submitted and on every order issued, Lopez seeks mandamus relief from this Court.

The writ of mandamus is an extraordinary remedy. To justify the Court's use of this remedy, a petitioner must demonstrate that he has a clear and indisputable right to issuance of the writ. Kerr v. United States District Court, 426 U.S. 394, 403 (1976); DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). No such showing has been made in the instant case.

The motion submitted by the habeas respondents contains the electronic signature of the Deputy Attorney General who filed it and complies with the District Court's Administrative Procedures Governing Filing and Service by Electronic Means. As set forth in Section (H)(1) of those procedures, "[t]he user login and password required to submit documents to CM/ECF shall serve as that user's signature for purposes of Fed. R. Civ. P. 11 and for all other purposes under the Federal Rules of Civil Procedure and the Local Rules of this Court." Counsel included a signature block, set forth her name, address, telephone number and e-mail address, and typed her name preceded by a "/s/." See id. Additionally, respondents' motion includes a certificate of service stating that the motion has been filed electronically as required by Section (E)(3) of the District Court's Standing Order. As for the order issued by the District Court, Lopez points to no legal authority requiring that a signature appear on a court-issued order and we have found none. In accordance with Section (K)(2) of the District Court's Administrative Procedures, a text entry granting the motion was placed upon the docket and Lopez was provided a copy of the order. If Lopez has any concerns as to whether the respondents in his habeas proceeding truly filed a motion that was served upon him or whether the court actually issued an order of which he received notice, he need merely review the District Court docket sheet for confirmation.

Accordingly, for the foregoing reasons, the petition for a writ of mandamus will be denied.