IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHNNY LOPEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 05-19-GMS |
| | ) | |
| THOMAS L. CARROLL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Johnny Lopez. *Pro se* petitioner.

Elizabeth R. McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for respondent.

MEMORANDUM OPINION

August 4, 2006
Wilmington, Delaware

Sleet, District Judge

## I. INTRODUCTION

Petitioner Johnny Lopez ("Lopez") is an inmate at the Delaware Correctional Center in Smyrna, Delaware. Lopez filed the pending petition for a writ of habeas corpus ("petition") pursuant to 28 U.S.C. § 2254. (D.I. 1.) For the reasons discussed, the court will dismiss his petition.

## II. FACTUAL AND PROCEDURAL BACKGROUND

As articulated by the Delaware Supreme Court, the facts leading to Lopez's arrest and conviction are as follows:

> At approximately 10:38 p.m. on March 6, 2003, four police officers went to probationer Lopez' residence at 114 DuPont Street, Wilmington, Delaware to conduct a curfew check and execute an administrative search warrant. The officers were Brian Witte and Anthony Easterling from the Wilmington Police Department and William Dupont and Richard Negley from Operation Safe Streets. Witte and DuPont were wearing clothing that identified them as a police officer and a probation officer, respectively. The administrative search warrant had been approved by DuPont's supervisor on the basis of Lopez' recent positive urine test as well as an anonymous tip that Lopez, who was on probation in connection with another drug charge, was involved in drug dealing.
>
> After arriving at Lopez' residence, Witte, DuPont and Negley went to the front door and knocked. Easterling was stationed outside. A woman, later identified as Melody Ross, answered the door and called for Lopez to come downstairs. As Lopez descended the staircase and made eye contact with the officers, he turned and quickly ran back up the steps to his bedroom. Witte ordered Lopez to stop.
>
> After Ross secured a large dog that was loose in the house, the officers followed Lopez up the stairs. Witte observed a white object falling to the ground through a window next to the stairs and then heard the sound of it breaking into pieces. Easterling, who was stationed outside the house, radioed the officers inside that he had seen Lopez throwing an object out a back window. As Witte and Negley kicked in the locked door to Lopez' bedroom, they observed Lopez walking away from an open rear window. Negley ordered Lopez to get down on the floor, but Lopez continued to walk toward Negley. Witte subdued Lopez and placed him under arrest. A pat-down search incident to Lopez' arrest revealed that Lopez had $807.00 cash in his pocket.

1

> Once outside, Witte located pieces of a broken white plate and a clear plastic bag containing a chunky, tan substance on the ground near the house. He also recovered a bag containing a powdery, white substance on an outside windowsill on the ground floor. The material inside the bags later tested positive for cocaine. The forensic chemist from the Office of the Medical Examiner testified at trial that the plastic bag found on the ground outside the house contained 17.25 grams of cocaine. The bag found on the windowsill contained 0.91 grams of cocaine.
>
> Lopez testified in his own behalf at trial. He denied having any cocaine in his possession on the evening of March 6, 2003. He stated that he was upstairs sleeping when the officers entered his bedroom with guns drawn. He denied running back up the stairs after seeing the officers at the front door. He testified that he had only $7.00 in his pocket at the time of the pat down search and that the remaining $800.00 found by the officers was in his closet.

*Lopez v. State*, 861 A.2d 1245, 1246 (Del. 2004).

In November 2003, a Delaware Superior Court jury convicted Lopez of trafficking in cocaine (5-50 grams), possession with intent to deliver cocaine, and maintaining a dwelling for keeping controlled substances. The Superior Court immediately sentenced Lopez to a total of eighteen years of incarceration, followed by probation. *Id.*

Lopez presented six issues to the Delaware Supreme Court on direct appeal: (1) the grand jury never indicted him, thereby rendering his conviction illegal; (2) the Superior Court improperly denied his two pre-trial suppression motions; (3) the Superior Court improperly denied his request to proceed *pro se* at trial; (4) there was insufficient evidence at trial to support his conviction for trafficking in cocaine; (5) the Superior Court improperly sentenced him immediately after trial; and (6) trial counsel provided constitutionally ineffective assistance. *Lopez*, 861 A.2d at 1247. The Delaware Supreme Court determined that Lopez's arguments were meritless, and affirmed his convictions and sentences. *Id*

Lopez filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 1.)

The State filed an answer arguing that the petition must be denied. (D.I. 13.) Lopez's petition is now ready for review.

### III. GOVERNING LEGAL PRINCIPLES

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). One prerequisite to federal habeas review is that a petitioner must exhaust all remedies available in the state courts. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the merits. *See Duncan v. Henry,* 513 U.S. 364, 365 (1995); *Castille v. Peoples,* 489 U.S. 346, 351 (1989); *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir. 1997).

If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review of those claims, the federal court will excuse the failure to exhaust and treat the claims as exhausted. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir. 2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are considered procedurally defaulted. *Coleman v. Thompson,* 501 U.S. 722, 749 (1991); *Lines,* 208 F.3d at 160.

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting

3

therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman*, 501 U.S. at 750-51; *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray*, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

## IV. DISCUSSION

Lopez asserts the following two grounds for relief in his petition: (1) the search of his

residence and the seizure of the cocaine violated the Fourth and Fourteenth Amendments; and (2) his conviction is illegal because he was not present during jury selection.[1] (D.I. 1.)

**A. Claim one is barred under *Stone v. Powell***

Pursuant to *Stone v. Powell*, 428 U.S. 465, 494 (1976), federal courts cannot provide habeas review of a Fourth Amendment claim if the petitioner had a full and fair opportunity to litigate the claim in the state courts. *See also Wright v. West*, 505 U.S. 277, 293 (1992). The "full and fair" hearing requirement is satisfied if the state courts provided the petitioner with a pre-trial suppression hearing and the Fourth Amendment claim was considered on appeal. *See United States ex rel. Hickey v. Jeffes*, 571 F.2d 762, 766 (3d Cir. 1978); *United States ex rel. Petillo v. New Jersey*, 562 F.2d 903, 906-07 (3d Cir. 1977). In the Third Circuit, a petitioner can avoid the *Stone* bar only by demonstrating that the state system contains a structural defect that prevented full and fair litigation of the Fourth Amendment claim; "[a]n erroneous or summary resolution by a state court of a Fourth Amendment claim does not overcome the [*Stone*] bar." *Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 2002).

After reviewing the record, the court concludes that Lopez fully and fairly litigated his Fourth Amendment claim in the state courts. Lopez filed two pre-trial suppression motions pursuant to Delaware Superior Court Criminal Rule 41, arguing that there was no probable cause for the search leading to the seizure of the drug evidence used against him at trial. The Superior Court denied Lopez's first suppression motion after conducting an evidentiary hearing and determining that there was no search as to the drugs found outside the house because those drugs

---

[1] Although Lopez refers to the jury as the "grand or petit" jury, the substance of his claim clearly reveals that he is referring to the selection of the jury for his trial. *See* (D.I. 1 at ¶ 12b.)

5

had been abandoned. The Superior Court conducted a separate hearing for Lopez's second suppression motion, and denied that motion on both legal and factual grounds. On direct appeal, the Delaware Supreme Court considered and rejected the same arguments.

Additionally, Lopez does not contend that a structural defect in Delaware's criminal process prevented the state courts from fully and fairly litigating his Fourth Amendment claim. Thus, the court will dismiss Lopez's Fourth Amendment claim because it fails to provide a basis for federal habeas relief.

### B. Claim two

In claim two, Lopez asserts that he was not present during jury selection for his trial. Claim two, however, is procedurally defaulted because Lopez did not exhaust state remedies and further state court review of the claim would be barred under Delaware Superior Court Criminal Rule 61(i)(3).[2] *See Lawrie v. Snyder*, 9 F. Supp. 2d 428, 453-54 (D. Del. 1998). Consequently, the court can only review the merits of the claim if Lopez demonstrates cause for, and prejudice resulting from, his procedural default, or that a miscarriage of justice will occur in the absence of such review.

Lopez has not demonstrated cause for his default because he has not shown that some objective factor external to the defense impeded his ability to present the instant claim on direct appeal. Additionally, Lopez cannot demonstrate that he was prejudiced by his absence from the

---

[2]Although Lopez did include a short sentence in his *pro se* appellate brief that he "was never brought back to court to be about to [sic] handpick [his] jury," neither the State nor the Superior Court viewed the statement as presenting a separate claim. After reading Lopez's jury selection statement in the context of his entire state appellate brief, the court concludes that the cursory reference did not put the Delaware Supreme Court on notice that Lopez was asserting a federal claim. *See McCandless*, 172 F.3d at 261. Therefore, Lopez did not fairly present this claim to the state supreme court for exhaustion purposes.

jury selection process. The trial record reveals that the prosecutor informed the judge prior to jury selection that Lopez had acted in a disruptive fashion in other proceedings. The judge then warned Lopez that she would not tolerate any outbursts in the courtroom. Ignoring that warning, Lopez began to argue issues that had been previously decided. He also refused to sit down when directed to do so, and he continued to talk even after the judge asked him to be quiet. The judge again warned Lopez to cease his disruptive behavior but, when he continued to ignore her admonitions, the judge ordered Lopez to be removed from the courtroom.

After discussing the situation with Lopez, Lopez's trial counsel informed the judge that Lopez did not appear to want to be in the courtroom. The judge decided to proceed with the jury selection process, but also decided to give Lopez another opportunity to remain in the courtroom. However, when the first prospective juror approached the bench for individual *voir dire*, Lopez stood up and refused to be seated. The judge then ordered Lopez to be removed from the courtroom.[3]

According to Supreme Court precedent, "a defendant can lose his right to be present at trial if, after has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." *Illinois v. Allen*, 397 U.S. 337, 349 (1970); *see Fischetti v. Johnson*, 384 F.3d 140, 150 (3d Cir. 2004)(holding that "defiant behavior by a defendant can properly cost the defendant some of his Sixth Amendment protections if necessary to permit trial to go forward in an orderly fashion.").

---

[3]After the jury was selected, the judge afforded Lopez another chance to return to the courtroom and remain through the trial. The record indicates that Lopez was present for the remainder of his trial.

7

In Lopez's case, he acted disorderly despite the trial judge's warning that he would be removed from the courtroom if he did not cease such behavior. Lopez lost his right to be present at trial, and therefore, Lopez cannot demonstrate the requisite prejudice to excuse his default.

Moreover, the miscarriage of justice exception to the procedural default doctrine does not excuse Lopez's default because he has not provided new reliable evidence of his actual innocence. Accordingly, the court will deny this claim as procedurally barred.[4]

## V. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas petition on procedural grounds without

---

[4]The court acknowledges the slight possibility that Lopez's cursory reference in his appellate brief about his absence from jury selection may be viewed as exhausting state remedies. Specifically, the six appellate issues identified by the State and Delaware Supreme Court were as cursory and ambiguous as Lopez's reference to the jury selection issue, yet, the jury selection issue was not included as an issue for appellate review. If Lopez's one-sentence presentation of the jury selection claim exhausted state remedies, the court must review the claim under pre-AEDPA standards because the Delaware Supreme Court did not adjudicate the merits of the claim. *See Holloway v. Horn*, 355 F.3d 707, 718-19(3d Cir. 2004)(a state court opinion which does not even mention a federal constitutional claim does not constitute an adjudication on the merits)(citing *Smith v. Digmon*, 434 U.S. 332, 333 (1978)). When pre-AEDPA review is appropriate, a habeas court must determine whether the claim has merit without paying "special heed to the underlying state court decision." *Jermyn v. Horn,* 266 F.3d 257, 300 (3d Cir. 2001). Even under pre-AEDPA review, however, the court concludes that the claim is without merit and does not warrant habeas relief; by ignoring the judge's several warnings and continuing to act disruptively, Lopez lost his right to be present in the courtroom.

reaching the underlying constitutional claims, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

The court concludes that Lopez's petition does not warrant federal habeas relief. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, Lopez's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHNNY LOPEZ, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. A. No. 05-19-GMS |
| ) | |
| THOMAS L. CARROLL, Warden, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED that:

1. Johnny Lopez's petition for the writ of habeas corpus, filed pursuant to 28 U.S.C § 2254, is DISMISSED, and the relief requested therein is DENIED. (D.I. 1.)

2. The court declines to issue a certificate of appealability.

Dated: August 4, 2006

UNITED STATES DISTRICT JUDGE