IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHNNY LOPEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. A. No. 05-19-GMS |
| | ) |
| PERRY PHELPS, Warden, et. al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM**

**I. INTRODUCTION**

In 2006, the court denied petitioner Johnny Lopez's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 23.) Presently pending before the court are Lopez's two Rule 60(b) motions asking the court to re-open his habeas case. (D.I. 32; D.I. 35)

**II. STANDARD OF REVIEW**

A motion for reconsideration should be granted to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)(citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a Rule 60(b) motion after it has denied the petitioner's federal habeas application, the court must first determine if the Rule 60(b) motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit:

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the Court of Appeals. Absent such authorization, a district court cannot consider the merits of a subsequent application. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

### III. DISCUSSION

Lopez's habeas petition denied by the court in 2006 asserted the following two claims: (1) the search of his residence and the seizure of the cocaine violated the Fourth and Fourteenth Amendments; and (2) his conviction was illegal because he was not present during jury selection. (D.I. 1.) Lopez's instant Rule 60(b) motions assert the same Fourth Amendment/illegal search and seizure claim denied by the court in 2006. (D.I. 32; D.I. 35; D.I. 36.) Therefore, the court concludes that the instant motions are not traditional Rule 60(b) motions; rather, they constitute a second or successive § 2254 petition. *See* 28 U.S.C. § 2244(a),(b)(3); 28 U.S.C. § 2254.

The record reveals that Lopez did not obtain permission from the Third Circuit Court of Appeals to file the instant motions/petition. Accordingly, the court will dismiss Lopez's

motions/petition as second or successive. *See* 28 U.S.C. § 2244(b)(1); *Robinson*, 313 F.3d at 139 (holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

## IV. CONCLUSION

For the aforementioned reasons, the court will dismiss the instant Rule 60(b) motions for lack of jurisdiction because they constitute a second or successive petition under 28 U.S.C. § 2244. In addition, the court will not issue a certificate of appealability, because Lopez has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *See United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2008). A separate Order will be entered.

Sept 22, 2010
DATE

CHIEF, UNITED STATES DISTRICT JUDGE

3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHNNY LOPEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. A. No. 05-19-GMS |
| | ) |
| PERRY PHELPS, Warden, et. al., | ) |
| | ) |
| Respondents. | ) |

**ORDER**

At Wilmington this 22nd day of September, 2010;

For the reasons set forth in the Memorandum issued this date, **IT IS HEREBY ORDERED** that:

1. Petitioner Johnny Lopez's Rule 60(b) motions to re-open his habeas case are **DENIED**. (D.I. 32; D.I. 35.)

2. The court declines to issue a certificate of appealability.

_____
CHIEF, UNITED STATES DISTRICT JUDGE