IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHNNY LOPEZ, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. A. No. 05-19-RGA |
| | : | |
| DANA METZGER, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, et. al, | : | |
| et al, | : | |
| | : | |
| Respondents. | : | |

**MEMORANDUM**

**I.      INTRODUCTION**

In 2006, the Honorable Gregory M. Sleet denied Petitioner Johnny Lopez's ("Petitioner") Petition for a Writ of Habeas Corpus filed Pursuant to 28 U.S.C. § 2254. (D.I. 23) Presently pending before the Court is Petitioner's fifth Motion to Reopen his case.[1] (D.I. 52)

**II.     STANDARD OF REVIEW**

A motion to reopen/reconsider should be granted to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a court may grant a motion to reopen/reconsider if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear

---

[1] Although Petitioner cites Federal Rule of Civil Procedure 59(b) in the caption of his Motion, his use of the term "reopen" and his reference to "extraordinary circumstances" and "clear errors of governing law" indicate that he has filed the Motion under Rule 60(b). As a result, the Court will review the Motion as though it was filed pursuant to Rule 60(b). Nevertheless, the Motion would not warrant relief for the same reason even if it was reviewed as though filed under Rule 59(b).

error of law or fact or to prevent a manifest injustice. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)(citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion to reopen/reconsider is not appropriate to reargue issues that the court has already considered and decided. *See Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a motion to reopen/reconsider after it has denied the petitioner's federal habeas petition, the court must first determine if the motion constitutes a second or successive petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit:

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas petition without first obtaining approval from the Court of Appeals. Absent such authorization, a district court cannot consider the merits of a subsequent petition. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

### III.  DISCUSSION

Petitioner's original habeas Petition that was denied in 2006 asserted the following two claims: (1) the search of Petitioner's residence and the seizure of the cocaine violated the Fourth and Fourteenth Amendments; and (2) Petitioner's conviction was illegal because he was not present during jury selection. (D.I. 1) Petitioner's instant Motion to Reopen appears to assert that he is entitled to federal habeas relief because the Delaware Supreme Court's 2004 written

2

opinion affirming his convictions was unsigned. (D.I. 52 at 2) Petitioner's argument does not challenge the manner in which his § 2254 Petition was denied, but rather, collaterally attacks his underlying conviction. Petitioner could have, but did not, raise the instant argument in his § 2254 Petition.[2] Therefore, the Court concludes that the instant Motion to Reopen is a second or successive § 2254 Petition.[3] *See* 28 U.S.C. § 2244(a),(b)(3); 28 U.S.C. § 2254.

The record reveals that Petitioner did not obtain permission from the Third Circuit Court of Appeals to file the instant Motion. Accordingly, the Court will dismiss the Motion to Reopen for lack of jurisdiction because it constitutes an unauthorized second or successive habeas petition. *See* 28 U.S.C. § 2244(b)(1); *Robinson*, 313 F.3d at 139 (holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

## IV. CONCLUSION

For the aforementioned reasons, the Court will dismiss the instant Motion to Reopen because it constitutes an unauthorized second or successive habeas petition under 28 U.S.C. § 2244. In addition, the Court will not issue a certificate of appealability, because Petitioner has

---

[2]Instead, Petitioner filed a lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated because the Delaware Supreme Court's written opinion affirming his convictions was unsigned. *See Lopez v. Howard*, et al., Civ. A. No. 06-107-GMS. This court dismissed the complaint as frivolous, *Lopez v. Howard*, et al., No. 06-107-GMS, Order (D. Del. Apr. 10, 2006), and the Third Circuit affirmed that decision. *See Lopez v. Howard*, Civ. A. No. 06-2361, Order (3d Cir. Mar. 9, 2007).

[3]The argument in the instant Motion is identical to the argument raised in Petitioner's fourth Rule 60(b) motion (D.I. 45), which was dismissed on August 24, 2016 for being an unauthorized second or successive habeas petition. (D.I. 46; D.I. 47)

3

failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2); s*ee United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011).

A separate Order will be entered.

October 18, 2018

_____
UNITED STATES DISTRICT JUDGE

4