IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHNNY LOPEZ, | : |
|     Petitioner, | : |
| v. | :    Civ. A. No. 05-19-RGA |
| DANA METZGER, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, et. al, et al, | : |
|     Respondents. | : |

## MEMORANDUM

### I. INTRODUCTION

In 2006, the Honorable Gregory M. Sleet denied Petitioner Johnny Lopez's Petition for a Writ of Habeas Corpus filed Pursuant to 28 U.S.C. § 2254. (D.I. 23) Petitioner has filed six prior Motions to Reconsider/Reopen his case. (D.I 32; D.I. 35; D.I. 42; D.I. 43; D.I. 52; D.I. 57) The Court denied all of those Motions. (D.I. 37; D.I. 44; D.I. 46; D.I. 47; D.I. 55; D.I. 56) Presently pending is Petitioner's sixth Motion for Reconsideration filed pursuant to Rule 52(b) and/or Rule 59(e). (D.I. 57) The instant Motion appears to assert that the lack of a signature on the Delaware Supreme Court's affirmance of his convictions deprived any other court from exercising jurisdiction over his issues. (D.I. 57 at 2)

### II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 52(b) provides that, no later than 28 days after the entry of judgment, a party may move to have the court "amend its findings – or make additional findings," and the Rule 52(b) motion may accompany a motion for new trial under Rule 59. In

turn, a motion for reconsideration/amend judgment filed pursuant to Federal Rule of Civil Procedure 59(e) is "a device to relitigate the original issue decided by the district court, and [it is] used to allege legal error." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

### III. DISCUSSION

Petitioner's Rule 52(b)/59(e) Motion appears to assert that the Court improperly construed his fifth Motion for Reconsideration (D.I. 52) to be a Rule 60(b) Motion and, therefore, also improperly held that it constituted an unauthorized second or successive habeas petition. (D.I. 57 at 1-2) Petitioner contends that he meant to file his fifth Motion for Reconsideration under Rule 52(b) and not Rule 59(e). The Court liberally construes this argument as an attempt to correct a clear error of fact and/or an attempt to avoid a manifest injustice.

Nevertheless, even if the Court accepts Petitioner's assertion that he made a typo in the titling of his fifth Motion for Reconsideration and treats the instant Motion and his fifth Motion for Reconsideration as though filed under Rule 59(e) (or under Rule 52(b)), the Court concludes that there is no reason to reconsider Judge Sleet's 2006 denial of Petitioner's habeas petition.

2

Petitioner presented his argument that he is entitled to habeas relief because the Delaware Supreme Court's 2004 written opinion affirming his convictions was unsigned in his 2016 Motion to Reopen filed pursuant to Rule 60(b). (D.I. 45) Judge Sleet denied the motion for being an unauthorized second or successive habeas petition because the argument did not challenge the manner in which his § 2254 petition was denied but, rather, collaterally attacked his underlying conviction. (D.I. 46; D.I. 47) The Third Circuit denied Petitioner's request for a certificate of appealability with respect to that decision, noting that reasonable jurists would not debate Judge Sleet's reasoning. (D.I. 51 at 1) Significantly, neither the instant Motion nor the Motion denied in October 2018 provide any reason to conclude that Petitioner's "lack of signature" argument constitutes anything other than a collateral challenge to his underlying conviction. Thus, the Court concludes that the instant Motion for Reconsideration fails to warrant reconsidering the dismissal of Petitioner's habeas Petition.

## IV. CONCLUSION

For the aforementioned reasons, the Court will dismiss the instant Motion for Reconsideration. In addition, to the extent one may be necessary, the Court will not issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate Order will be entered.

July 12, 2019

UNITED STATES DISTRICT JUDGE